UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OANA MARIA SERBAN, et al.,<br><br>Defendants. | Case No. 2:18-cr-00001-MMD-CWH<br><br>**REPORT AND RECOMMENDATION**<br>(ECF Nos. 92, 98, 108) |

Before the court is defendant Oana Maria Serban's Motion to Dismiss for Failure to State a Claim under Fed. R. Crim. P. 12(b)(2)(B)(v) (ECF No. 92), filed May 24, 2018, the government's response (ECF No. 100), filed May 25, 2018, and Serban's reply (ECF No. 107), filed May 29, 2018.  Co-defendant Eugeniv Florian Ciuca moved for joinder to the motion (ECF No. 98), on May 24, 2018, and to Serban's reply (ECF No. 108) on May 29, 2018.

## I.  BACKGROUND

The government states that in September 2017, defendants Ionut Bitere (Bitere), Eugeniv-Florian Ciuca (Ciuca), and Oana Maria Serban (Serban) traveled from Romania to the United States to commit ATM skimming and fraudulent cash withdrawals.   They started their ATM skimming activities in Illinois and moved their way across the United States, arriving in Las Vegas, Nevada in November 2017.  They conducted a spree of ATM skimming and cashouts that targeted area credit unions, but on December 5, 2017, all three were arrested.

On January 3, 2018, a grand jury in the District of Nevada indicted the three defendants with the following crimes: Count 1 – Conspiracy to Commit Fraud and Related Activity in Connection with Access Devices (18 U.S.C. § 1029(b)(2)); Count 2 – Possession of Access Device-Making Equipment (18 U.S.C. § 1029(a)(4)); Count 3 – Possession of Fifteen or More Counterfeit or Unauthorized Access Devices (18 U.S.C. § 1029(a)(3)); Count 4 – Use or

Trafficking of an Unauthorized Access Device (18 U.S.C. § 1029(a)(2)); Counts 5-9 – Aggravated Identity Theft (18 U.S.C. § 1028A). (Indictment (ECF No. 37).) On April 25, 2018, the Grand Jury returned a superseding indictment that added a Count 10 – Conspiracy to Commit Money Laundering (18 U.S.C. § 1956(a)(2)(A) and (h)). (Superseding Indictment (ECF No. 81).)

Serban moves to dismiss the indictment because it fails to allege a predicate 18 U.S.C. § 1028A(c) enumerated felony as an element in (1) any aggravated identity theft count and (2) in any other count pled. She further argues that the indictment alleges a violation of use/trafficking in unauthorized access devices in violation of 18 U.S.C. § 1029, but that is not an enumerated offense under 18 U.S.C. § 1028A(c). Accordingly, she argues the indictment fails to allege an essential element under 18 U.S.C. § 1028A(a)(1), and should be dismissed.

The government responds that Serban misreads the plain language of 18 U.S.C. § 1028A(c)(4), which textually incorporates all offenses contained in title 18 U.S.C. Part I, Chapter 47, including violations of 18 U.S.C. § 1029, which are contained in counts 1 through 4 of the indictment.

## II. DISCUSSION

### A.   Standard of Review

Under Rule 12(b) of the Federal Rules of Criminal Procedure, "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." A motion to dismiss is generally capable of determination before trial "if it involves questions of law rather than fact." *United States v. Yip*, 248 F. Supp. 2d 970, 972 (D. Haw. 2003) (*citing United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir.), *cert. denied*, 478 U.S. 1007 (1986)). An indictment is sufficient to withstand a motion to dismiss if it contains the elements of the charged offense in sufficient detail (1) to enable the defendant to prepare his defense; (2) to ensure him that he is being prosecuted on the basis of facts presented to the grand jury; (3) to enable him to plead double jeopardy; and (4) to inform the court of the alleged facts so that it can determine the sufficiency of the charge. *United States v. Musacchio*, 968 F.2d 782, 787 (9th Cir. 1991). Generally, the court should not consider evidence appearing outside the four corners of the indictment and "must accept the facts alleged in that indictment as true." *United*

*States v. Ruiz-Castro*, 125 F. Supp. 2d 411, 413 (D. Haw. 2000) (*citing Winslow v. United States*, 216 F.2d 912, 913 (9th Cir. 1954), *cert. denied*, 349 U.S. 922 (1955)).  The indictment itself should be "(1) read as a whole; (2) read to include facts which are necessarily implied; and (3) construed according to common sense." *United States v. Blinder*, 10 F.3d 1468, 1471 (9th Cir. 1993) (*citing United States v. Buckley*, 689 F.2d 893, 899 (9th Cir. 1982), *cert. denied*, 460 U.S. 1086 (1983)).  The court's inquiry must end there.  Arguments directed at the merits of the claims must be left for trial.

**B.     Predicate Offenses of Title 18 U.S.C. §1028A(a)(1)**

Counts 5 through 9 of the indictment allege that defendants, as principals, aiders and abettors, did knowingly possess and use, without lawful authority, a means of identification of another person, to wit; the credit and debit card account number and PIN number of [another person], during and in relation to a felony violation enumerated in 18 USC § 1028A(c), to wit: Use or Trafficking in Unauthorized Access Device, knowing that the means of identification belonged to another actual person, in violation of Title 18 U.S.C, § 1028(a)(1) and 2.

Title 18 U.S.C. §1028A(a)(1) and (2) provide the following:

(a) Offenses.

(1) In general. Whoever, during and in relation to any **felony violation enumerated in subsection (c)**, knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years.

(2) Terrorism offense. Whoever, during and in relation to any felony violation enumerated in section 2332b(g)(5)(B) [18 USCS § 2332b(g)(5)(B)], knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person or a false identification document shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 5 years.

18 U.S.C.S. § 1028A (emphasis added).  Title 18, United States Code § 1028A(c)(4), includes as predicate felonies for a 1028A charge all of the offenses contained within Title 18, United States Code, Part I, Chapter 47:

/ / /

/ / /

3

> (c) Definition.—For purposes of this section, the term "felony violation enumerated in subsection (c)" means any offense that is a felony violation of—
> . . .
> (4) any provision **contained in this chapter** (relating to fraud and false statements), other than this section or section 1028(a)(7) . . . .

18 U.S.C. § 1028A(c)(4) (emphasis added).

All of the statutory violations contained within 18 U.S.C. § 1029 are contained within Chapter 47. *See, e.g., United States v. Febles*, 2017 WL 976927, at *1 (D. Me. Mar. 13, 2017) ("The term 'felony violation enumerated in subsection (c)' is defined to include § 1029 offenses. *See* § 1028A(c)(4)."). Violation of § 1029(a)(2), Use or Trafficking of an Unauthorized Access Device, is an enumerated felony under § 1028A(c)(4). *See, e.g., United States v. Adigun*, 567 F. App'x 708, 714 (11th Cir. 2014). Likewise, a violation of § 1029(b)(2), Conspiracy to Commit Fraud and Related Activity in Connection with Access Devices, is an enumerated felony under § 1028A(c)(4). *See, e.g., United States v. Hung Van Tieu*, 2014 WL 814053, at *7 (C.D. Cal. Feb. 27, 2014) ("Enumerated felony violations include access device fraud in violation of 18 U.S.C. § 1029(b)(2). *See* 18 U.S.C. § 1028A(c)(4)."). Accordingly, the court finds that the government sufficiently pled the essential elements for a violation of 18 U.S.C. § 1028A(1).

**C.    Predicate Offenses of 18 U.S.C. § 1028A(a)(2)**

Serban also argues that all of the Aggravated Identify Theft Counts pled under 18 U.S.C. § 1028A(a)(2) must be dismissed for failing to state a claim as no predicate enumerated terrorism under the section 2332b(g)(5)(B) [18 USCS § 2332b(g)(5)(B)] offense is pled. The government responds that a statute may be charged in the conjunctive and proved in the disjunctive.

Charges 5 through 9 allege violations of 18 U.S.C. § 1028A(a)(1) and 2. Title 18 U.S.C. § 2 is a statute which punishes aiders, abettors and principals. In each count, Serban is alleged to be a principal, aider, and abettor, and so 18 U.S.C. § 2 applies. Serban is not charged with a violation of 18 U.S.C. § 1028A(a)(2), which deals with terrorism. The indictment does not contain an allegation of a terrorism, and the government makes no argument that the indictment sets forth any predicate information alleging a felony violation of 18 U.S.C. 2332b(g)(5)(B). As the court understands Serban's motion, which moves to dismiss the allegations to the extent they are based upon terrorism, the motion is denied because there is no such allegation.

### III.  CONCLUSION AND RECOMMENDATION

Accordingly, IT IS HEREBY ORDERED that Ciuca's motions to join Serban's Motion to Dismiss (ECF Nos. 98, 108) are GRANTED.

IT IS HEREBY RECOMMENDED that Serban's Motion to Dismiss for Failure to State a Claim under Fed. R. Crim. P. 12(b)(2)(B)(v) (ECF No. 92) be DENIED.

### IV.  NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 6, 2018

C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE

5