# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:18-cr-00001-MMD-CWH |
| Plaintiff, | |
| v. | |
| OANA MARIA SERBAN, | **ORDER** |
| Defendant. | |

Presently before the court is defendant Oana Maria Serban's sealed Motion to Compel Release and Review of Grand Jury Transcripts (ECF No. 215), filed on November 6, 2018. Defendant Eugeniv-Florian Ciuca filed a motion for joinder (ECF No. 216) on November 6, 2018. The next day, the government filed a sealed response (ECF No. 218) and delivered two volumes of grand jury transcripts to chambers for in camera review.

The parties are familiar with the facts of this case and the court will not repeat them here except where necessary. This motion was precipitated by the government's notice that inaccurate information was provided in the complaint and that the misinformation was reproduced in various other filings in this case. (*See* Notice of Corrected Factual Information (ECF No. 38) in 2:17-mj-01199-NJK.) Specifically, the government incorrectly stated that during a search of defendants Bitere and Serban, investigators recovered from Serban's bag a fraudulent Greek passport in the name of Fotis Mavromatis, which bore Ciuca's photograph. (*See* Compl. (ECF No. 1) at 10:4-6; 10:9-10.) In fact, a passport was not recovered, but photocopies and photographs of the passport were recovered. Serban states that the government was on notice of the misinformation six days before the complaint was filed.

After learning of the factual inaccuracies, Serban's attorney represents that he contacted the government and requested to review the grand jury transcripts to determine whether the factual inaccuracies regarding the passport were presented to the grand jury. The government voluntarily provided to Serban's attorney the most recent grand jury transcript for the second superseding indictment, which includes testimony relative to the passport's recovery.[1] The government declined to provide the prior two transcripts.

Serban now moves for disclosure of the other grand jury transcripts, arguing grounds may exist to dismiss the indictment due to the misinformation presented to the grand jury. While the exact arguments that Serban intends to raise in the motion to dismiss are somewhat unclear, Serban contends that an indictment may be dismissed if it was obtained in violation of the due process clause or if the tactics involved in securing the indictment jeopardized the integrity of the judicial process. Serban argues she needs to review all of the grand jury transcripts to have a complete understanding of whether the government presented false information to the grand jury and, if so, whether the grand jury relied on that information. The government responds that although it voluntarily produced the transcript related to the second superseding indictment, Serban is not entitled to the other volumes under Rule 6(e).[2]

The court has reviewed in camera the two volumes of grand jury transcripts. The first volume relating to the original indictment does not reference the passport whatsoever. The second volume references the passport various times, though not in the context of its recovery. The witness whose testimony is transcribed in the second volume is the same witness whose testimony is in the third volume, which the government voluntarily provided to defense counsel.

While grand jury proceedings generally are secret under Federal Rule of Criminal Procedure 6(e), there are some exceptions. A court may authorize disclosure of grand jury

---

[1] The parties do not state the legal authority for the government's voluntary disclosure of the grand jury transcript related to the second superseding indictment to Serban's counsel.

[2] The government makes various other arguments regarding the context of the misstatements regarding the passport, the lack of intent to mislead the grand jury, and the evidentiary significance of the passport copies. These arguments appear to be directed at a potential motion to dismiss. The court does not express an opinion on these arguments at this time.

proceedings if the defendant "shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). To satisfy this burden, the defendant must "demonstrate[] that a particularized need exists that outweighs the policy of grand jury secrecy." *United States v. Murray*, 751 F.2d 1528, 1533 (9th Cir. 1985). The showing of a particularized need is required so that "the secrecy of the proceedings may be lifted discretely and limitedly." *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 223 (1979). It is within the court's discretion whether to release grand jury materials. *Murray*, 751 F.2d at 1533.

Here, Serban presents evidence that misinformation was presented to the grand jury regarding the recovery of the passport. While Serban does not articulate the precise arguments she will make regarding whether the government engaged in misconduct before the grand jury or whether the misinformation had any impact on the grand jury's decision to indict, she shows that grounds may exist to dismiss the indictment because of what occurred before the grand jury. In other words, Serban is not basing her motion on unsubstantiated, speculative assertions regarding what occurred before the grand jury. *See United States v. Ferreboeuf*, 632 F.2d 832, 835 (9th Cir. 1980) (stating that speculation regarding improprieties in grand jury proceedings does not supply the particularized need required to overcome the policy of grand jury secrecy).

Given that misinformation was presented to the grand jury regarding the passport's recovery, the court finds Serban has shown a particularized need for the other grand jury transcript in which the same witness mentions the passport. This will provide Serban with complete context as to that witness. Thus, the court in its discretion will order the government to produce to defendants' attorneys the volume of the grand jury transcript dated January 3, 2018. The disclosure must be made within five days from the date of this order. The motion is denied as to the other grand jury transcript, dated April 25, 2018, which does not reference the passport.

IT IS THEREFORE ORDERED that defendant Oana Maria Serban's sealed Motion to Compel Release and Review of Grand Jury Transcripts (ECF No. 215) is GRANTED in part and DENIED in part as stated in this order.

IT IS FURTHER ORDERED that Defendant Eugeniv-Florian Ciuca's motion for joinder (ECF No. 216) is GRANTED.

DATED: November 9, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE